IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN SCOTT DAVIS,<br><br>PLAINTIFF,<br><br>*v.*<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | Civil Action<br><br>No. 1:20-CV-5105-WMR |

**DEFENDANT'S INITIAL DISCLOSURES**

Defendant United States of America, by and through the United States Attorney for the Northern District of Georgia and undersigned counsel, hereby makes the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

The sole proper defendant is the United States of America. The Complaint improperly names Rochelle Black and the Federal Bureau of Investigations as

1

defendants. Defendant will accept service of any amended summons and complaint consistent with the requirements of Federal Rule of Civil Procedure 4.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Defendant does not contend any necessary parties are not yet joined or misjoined.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Plaintiff asserts a personal injury claim based on the purported negligence of Special Agent Rochelle Black, a federal employee. Plaintiff alleges that while he was riding a bicycle through a shopping plaza, Special Agent Black's vehicle collided with Plaintiff's bicycle, causing injuries. Defendant is not liable to Plaintiff based on the following facts.

First, Plaintiff's own negligence caused the collision. At the time of the collision, Special Agent Black was driving straight forward at a very slow rate of speed obeying all traffic rules. Special Agent Black was not in the process of turning because the accident occurred before the entry point to the Dollar Tree

parking lot. At the same time, Plaintiff was descending a hill at a high rate of speed and collided with the side of the vehicle, which is physically impossible if the vehicle initiates the contact.

Second, Plaintiff's own negligence contributed to the collision. The collision occurred at or after sunset, but Plaintiff was not wearing any safety equipment, such as a helmet or reflective equipment. Plaintiff was traveling downhill and therefore in a superior position to see and avoid any vehicles in his path. Plaintiff was wearing flip-flops, inherently unsafe shoes for riding a bicycle, which contributed to his injuries by entangling in the bicycle's spokes. Plaintiff attempted to leave the scene of the collision instead of receiving immediate medical attention.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

The body of law developed under the Federal Tort Claims Act, and tort law applicable to plaintiff's claims, is too voluminous to permit an exhaustive listing here of every statute, regulation, and case upon which defendant might rely in litigating this case. Nevertheless, defendant lists below statutes and cases that

embody the general legal principles governing this case as to the claims of the plaintiff:

28 U.S.C. §§ 1346(b), 2671-2680

O.C.G.A. Title 51, generally.

This case is governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680, which is a waiver of sovereign immunity that allows a tort action to be brought against the United States to the same extent that it would lie against a private person under the substantive law of the state in which the cause of action allegedly occurred. The FTCA does not authorize tort claims where a private person would not be liable. Under the FTCA, Plaintiff cannot recover interest or punitive damages.

Under Georgia law, motorists and bicyclists have a duty to exercise ordinary care to other motorists and bicyclists. *McKissick v. Giroux*, 612 S.E.2d 827, 829 (Ga. App. 2005). Ordinary care is the degree of care an ordinarily prudent person would exercise under similar circumstances. O.C.G.A. § 51-1-2. Even a driver with "the right of way has a duty to maintain a proper lookout, to remain alert in observing approaching vehicles, and to exercise ordinary care in the control, speed and movement of his . . . vehicle to avoid a collision." *Hite v. Anderson*, 643 S.E.2d 550, 553 (Ga. App. 2007). A driver cannot cause injuries to a bicyclist if the

bicyclist's negligence causes his injuries. *Grier v. Wise*, No. 1:08-CV-176, 2010 WL 11651682, at *6 (M.D. Ga. Sept. 2, 2010) (citing O.C.G.A. § 51-11-7).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Rochelle Black, contact through undersigned counsel.

Ryan Davis, contact information unknown.

Melissa Hannah, contact information unknown.

Barbara Poole, contact information unknown.

EMTs who transported Mr. Davis, contact information unknown.

Medical providers who treated Mr. Davis, contact information unknown.

DeKalb Police Officers involved in the preparation of accident report, contact information unknown.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Defendant has not specifically retained any individual to provide testimony under rules 702, 703, or 705 at this time and will amend its disclosures if Defendant retains any such individuals. In general, Defendant expects to use the testimony of physicians and other providers who treated plaintiff for his alleged injuries. Defendant also expects to use the testimony of experts in bicycle safety and accident reconstruction.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

2012 Ford Focus involved in accident, current in FBI custody.

Emails and other documents in the custody or control of the FBI relating to the collision with Mr. Davis.

Government-owned vehicle use policy for the FBI, currently available at https://vault.fbi.gov/government-vehicle-use-policy-guide-1093pg/government-vehicle-use-policy-guide-1093pg-part-01-of-01/view

Plaintiff's full medical records.

Plaintiff's full financial records.

Emails, text messages, social media posts, chat messages, encrypted messages, and any other communication between Plaintiff and others reflecting Plaintiff's state of mind or extent of injuries following the collision.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.**

Defendant does not claim damages in this action; however, Defendant may seek taxable costs from Plaintiff if Defendant prevails.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Defendant is not aware of any other person or entity liable to Plaintiff at this time.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to.**

Defendant has no responsive insurance agreement.

Respectfully Submitted, this 7th day of June, 2021

>KURT R. ERSKINE
>ACTING UNITED STATES ATTORNEY
>
>/s/ Armen Adzhemyan
>ARMEN ADZHEMYAN
>ASSISTANT U.S. ATTORNEY
>Georgia Bar No. 120079
>75 Ted Turner Drive, S.W., Suite 600
>Atlanta, Georgia 30303
>Telephone: (404) 581-6204
>Email: Armen.Adzhemyan@usdoj.gov
>
>Counsel for the United States of America

**Certificate of Compliance**

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/  ARMEN ADZHEMYAN
*Assistant United States Attorney*

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

June 7, 2021

/s/ ARMEN ADZHEMYAN

ARMEN ADZHEMYAN

*Assistant United States Attorney*