# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RYAN SCOTT DAVIS,<br>    Plaintiff | :<br>:<br>:    CIVIL ACTION FILE |
| v. | :    NO. 1:20-CV-5105-WMR<br>: |
| UNITED STATES OF AMERICA<br>    Defendant | :<br>: |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff Ryan Scott Davis, an individual and a resident of Tucker, DeKalb County, Georgia hereby makes the following initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1.

**(1) If the Plaintiff is improperly identified, state Plaintiff's correct identification and state whether Defendant will accept service of an amended Summons and Complaint reflecting the information furnished in this disclosure response.**

The Plaintiff is properly identified and at all times referenced in this lawsuit has been a resident of Tucker, DeKalb County, Georgia, within the Northern District of Georgia, and venue is proper in this case.

The Plaintiff resides at his Grandparents' house in Tucker, DeKalb County, Georgia at all times referenced in this Complaint.

Therefore, an amended Summons and Complaint reflecting the information furnished in this disclosure response is not needed.

**(2) Provide the names of any parties whom Plaintiff contends are necessary parties to this action, but who have not been named by Defendant. If Plaintiff contends that there is a question of misjoinder of parties, provide the reasons for Plaintiff's contention.**

Plaintiff does not contend any necessary parties are not yet joined or misjoined.

**(3) Provide a detailed factual basis for the claim or claims asserted by Plaintiff in his Complaint.**

Plaintiff asserts a personal injury claim based on the purported negligence of Special Agent Rochelle Black, a federal employee with the FBI in Atlanta, Georgia. Plaintiff alleges that while he was riding a bicycle through the "Cofer Crossing Shopping Center" in the early evening of August 9, 2018, Special Agent Black not only negligently but also recklessly collided her vehicle with Plaintiff's bicycle, causing substantial injuries to the Plaintiff. No other person or party was riding in Agent Black's car with her, and Agent Black is the proximate cause of the collision between the parties on August 9, 2018. Defendant is liable based on the following facts.

Plaintiff slowed down while riding his bicycle as he approached the open area in front of the "Dollar Tree" outparcel at the "Cofer Crossing Shopping Center" in Tucker, DeKalb County, Georgia. At this point in time, FBI Agent Rochelle Black was negligent when she did not pay attention to where she was driving, and Agent Black negligently turned her car to her left to enter the "Dollar Tree" outparcel, and she violently, carelessly, and negligently hit the Plaintiff on his bicycle while driving, causing severe injuries to the Plaintiff. An overwhelming inference is Agent Black was not paying attention to where was driving her vehicle.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

The body of law developed under the Federal Tort Claims Act, and tort law applicable to Plaintiff's claims, is too voluminous to permit an exhaustive listing here of every statute, regulation, and case upon which Plaintiff might rely in litigating this case. Nevertheless, Plaintiff lists below statutes and cases that that the statutes cited in this provision embody the general legal principles governing this case as to the claims of the Plaintiff:

28 U.S.C. §§ 1346(b), 2671-2680

O.C.G.A. Title 51, generally.

This case is governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680, which is a waiver of sovereign immunity that allows a tort action to be brought against the United States to the same extent that it would lie against a private person under the substantive law of the state in which the cause of action allegedly occurred. The FTCA does not authorize tort claims where a private person would not be liable. Under the FTCA, Plaintiff cannot recover interest or punitive damages.

Under Georgia law, motorists and bicyclists have a duty to exercise ordinary care to other motorists and bicyclists. McKissick v. Giroux, 612 S.E.2d 827, 829 (Ga. App. 2005). Ordinary care is the degree of care an ordinarily prudent person would exercise under similar circumstances. O.C.G.A. § 51-1-2. Even a driver with "the right of way has a duty to maintain a proper lookout, to remain alert in observing approaching vehicles, and to exercise ordinary care in the control, speed and movement of his vehicle to avoid a collision." Hite v. Anderson, 643 S.E.2d 550, 553 (Ga. App. 2007).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

Rochelle Black, contact through opposing counsel.

Ryan Davis, contact through undersigned counsel.

Melissa Hannah, contact through undersigned counsel.

Barbara Poole, contact information to be provided by the undersigned counsel because of privacy purposes.

EMTs who transported Mr. Davis, contact information unknown.

Medical providers who treated Mr. Davis, contact information as follows: Dr. Michael Maceroli, MD, an Orthopedic Trauma Attending Physician with Grady Hospital located at 80 Jesse Hill Drive SE, Atlanta, Georgia 30303.

DeKalb Police Officers involved in the preparation of accident report, contact information as follows: The Accident Report was prepared by Andrew Tomalka and checked by Darrell Kitchen, both with the DeKalb County Police Department.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Plaintiff has not specifically retained any individual to provide testimony under rules 702, 703, or 705 at this time and will amend its disclosures if Plaintiff retains any such individuals. In general, Plaintiff expects to use the testimony of physicians and other providers who treated him for his injuries. Plaintiff also expects to use the testimony of experts in bicycle safety and accident reconstruction.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Plaintiff only has a crushed bicycle.

2012 Ford Focus involved in accident, current in FBI custody.

Emails and other documents in the custody or control of the FBI relating to the collision with Agent Black.

Government-owned vehicle use policy for the FBI, currently available at https://vault.fbi.gov/government-vehicle-use-policy-guide-1093pg/governmentvehicle-use-policy-guide-1093pg-part-01-of-01/view

Plaintiff's full medical records.

Plaintiff's financial records in Plaintiff's possession. Many of these records are irrelevant to the issues in the case.

Emails, text messages, social media posts, chat messages, encrypted messages, and any other communication between Agent Black and others reflecting Agent Black's state of mind following the collision.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not**

**privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34.**

The Plaintiff suffered physically from the date of his injury on August 9, 2018, through October 31, 2020. This is eight hundred and seventy-five (875) days, and at $100.00 per day for pain and suffering, this figure is the sum of $87,500.00. Computation of pain and suffering is as follows:

**2018**
August-22 days
September-30 days
October-31 days
November-30 days
December-31 days
TOTAL DAYS: 144

**2019**
January-31 days
February-28 days
March-31 days
April-30 days
May-31 days
June-30 days
July-31 days
August-31 days

September-30 days

October-31 days

November-30 days

December-31 days

TOTAL DAYS: 365

**2020**

January-31 days

February-29 days (Leap Year)

March-31 days

April-30 days

May-31 days

June-30 days

July-31 days

August-31 days

September-30 days

October-31 days

TOTAL DAYS:366

    **TOTAL NUMBER OF DAYS: 875 x $100.00=$87,500.00**

  **(9) If Plaintiff contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

8

Plaintiff is not aware of any other person or entity liable to Plaintiff at this time other than the United States Government, as alleged in Plaintiff's Complaint filed of record in this case.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to.**

Plaintiff's counsel has reached out to the Ross Family's homeowner's insurance carried by State Farm which covers two adjoining homes. State Farm will not get involved with a case in litigation until litigation is complete.

This ___18th___ day of June 2021

                                  Tom Cain, Esq.
                                  Attorney for Plaintiff
                                  Georgia Bar No. 102250
                                  Tom Cain Attorney at Law, P.C.
                                  805 Hi-Hope Road
                                  Lawrenceville, Georgia 30043
                                  (770) 963-0289 – office phone
                                  triallaywers@tomcainatty.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the within and foregoing **PLAINTIFF'S INITIAL DISCLOSURES** by depositing same in the United States mail, with sufficient postage thereon, addressed as follows:

Armen Adzhemyan
Assistant U.S. Attorney
Attorney for United States of America
600 Richard B. Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Mr. Ryan Scott Davis
Plaintiff
4526 Sims Court
Tucker, Georgia 30084

This ___18th___ day of June 2021

Tom Cain, Esq.
Attorney for Plaintiff
Georgia Bar No. 102250
Tom Cain Attorney at Law, P.C.
805 Hi-Hope Road
Lawrenceville, Georgia 30043
(770) 963-0289 – office phone
triallaywers@tomcainatty.com